WH:ld

```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 03-20429-CR-GRAHAM
```

NIGHT BOX FILED
JUN 24 2003
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DAVID SMITH,

       Defendant.
_____/

### MEMORANDUM IN SUPPORT OF PLAINTIFF UNITED STATES' MOTION FOR ENTRY OF PROTECTIVE ORDER

    The United States has filed its motion seeking a protective order for the purpose of retaining custody of certain property named for forfeiture in the Indictment in this criminal case under the jurisdiction of this Court pursuant to the provisions of the Civil Asset Forfeiture Reform Act of 2000 and submits this memorandum in support of that motion.

    The property to which this motion refers is as follows:

    1.   Glock .40 caliber handgun, (serial # DDY238 US), and
    2.   approximately seventy-three (73) rounds of ammunition.

    The foregoing property is hereinafter referred to as such and as "the property."

    The property has been named in the Indictment (DE# 1 in this matter as subject to forfeiture in this criminal action. The Indictment alleges that the property identified herein above is subject to forfeiture upon conviction of the crimes charged giving



U.S. v. David Smith
Case No. 03-20429-Cr-Graham

rise to the forfeiture pursuant to 18 U.S.C. § 924(d)(1).

The United States currently has custody of the property. The property was seized in connection with forfeiture liability arising out of the pending criminal charges and is also subject to pending non-judicial administrative forfeiture notice and claim proceedings governed by 18 U.S.C. § 983. The United States believes it to be in the interest of judicial economy to have the forfeiture of the subject property adjudicated in the criminal case.

Accordingly, as is set forth in further detail below, a protective order is required to bring the property under the jurisdiction of this Court for the purpose of completing criminal forfeiture proceedings with respect thereto.

1. The Civil Forfeiture Reform Act of 2000 mandates the issuance of judicial process for this Court's jurisdiction to attach to the property which is the subject of this motion.

Effective August 23, 2000, the provisions of the Civil Asset Forfeiture Reform Act of 2000 (also known as "CAFRA") came into full effect.[1] As part of its effort to streamline the forfeiture process and to accommodate both civil and criminal forfeiture proceedings, CAFRA made provision for specific actions to be taken by the Courts to clarify the forfeiture adjudication process and to

---

[1] Another portion of the statute, reinstating the effect of the fugitive disentitlement doctrine in civil forfeiture cases, was deemed effective on April 1, 2000, immediately after CAFRA was signed into law. See, 28 U.S.C. § 2466.

U.S. v. David Smith
Case No. 03-20429-Cr-Graham

prevent the possibility of conflicting outcomes between administrative forfeiture proceedings and criminal judicial proceedings.[2]

CAFRA gives two key time frames in the non-judicial administrative forfeiture and civil forfeiture processes where criminal case jurisdiction can attach to assets named for forfeiture in an Indictment.[3]

First, 18 U.S.C. § 983(a)(1)(A)(iii) provides as follows with respect to the tolling of the CAFRA 60 day notice requirement:

> 983(a)(1)(A)(i)  Except as provided in clauses (ii) through (v), in any non-judicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, but in no case more than

---

[2] For example, if property named in an Indictment is subsequently ordered to be returned by the District Court, and in the interim, an administrative Declaration of Forfeiture has been issued, the effect would be to have two conflicting District Court orders with respect to the disposition of the property in question. This is because, pursuant to 19 U.S.C.§ 1609(b), which codifies the administrative process for most non-judicial (or administrative) forfeitures, an administrative Declaration of Forfeiture is entitled to the full force and effect of, "...a final decree and order of forfeiture in a judicial proceeding in a district court of the United States...."  19 U.S.C.§ 1609(b).

[3] Of course, if property sought for forfeiture in an indictment has previously been seized with a criminal seizure warrant (issued for example, pursuant to 21 U.S.C. § 853(e)); or a protective or restraining order in the criminal case, then no further action is necessary to have jurisdiction attach in the criminal case and CAFRA procedures for civil and non-judicial forfeitures do not come into play.

3

U.S. v. David Smith
Case No. 03-20429-Cr-Graham

>            60 days after the date of the seizure.
>                  . . . . . . . . . . . . .
>       (iii) If, before the 60 day period expires,
>       the Government does not file a civil judicial
>       forfeiture action, but does obtain a criminal
>       indictment containing an allegation that the
>       property is subject to forfeiture, the
>       Government shall either--
>
>             (I) send notice within the 60 days and
>             continue with the non-judicial forfeiture
>             proceeding under this section; or
>
>             *(II) terminate the nonjudicial civil
>             forfeiture proceeding, and take the steps
>             necessary to preserve its right to
>             maintain custody of the property as
>             provided in the applicable criminal
>             forfeiture statute.* (Emphasis added).

An almost identical provision governs the period after notice is given and a claim is filed seeking a civil judicial determination of forfeiture under 18 U.S.C. § 983(a)(3)(B)(ii) provides as follows with respect to the tolling of the CAFRA 90 day civil complaint filing requirement:

>       (B) If the Government does not--
>
>             (i)  file a complaint for forfeiture or
>             return the property in accordance with
>             subparagraph (A); or
>
>             (ii) before the time for filing a complaint
>             has expired--
>
>                   (I)  obtain a criminal indictment
>                   containing an allegation that the
>                   property is subject to forfeiture;
>                   and
>
>                   (II)  take the steps necessary to
>                   preserve its right to maintain
>                   custody of the property as provided

4

U.S. v. David Smith
Case No. 03-20429-Cr-Graham

> in the applicable criminal forfeiture statute,
>
> The Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

Finally, 18 U.S.C. § 983(a)(3)(C) provides general grant of authority to the United States to convert a non-judicial or civil forfeiture to a criminal forfeiture in appropriate cases. That provision states:

> (C) In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

The "necessary steps to preserve its right to maintain custody of the property as provided in the applicable forfeiture statute" in this case include a request that the district court in the criminal case issue a criminal seizure warrant pursuant to 21 U.S.C. § 853(f) or a protective order pursuant to 21 U.S.C. §§ 853(e) or (g).[4] Since the property in question here is currently in the custody of the United States pursuant to a civil seizure, otherwise governed by CAFRA, the United States seeks a post-

---

[4] 21 U.S.C. § 853 procedures are made applicable to the forfeiture sought in this action by 18 U.S.C. §§ 982(b) and 1028(g).

5

U.S. v. David Smith
Case No. 03-20429-Cr-Graham

indictment protective order pursuant to 21 U.S.C. § 853(e)(1)(A) in order to preserve its right to maintain custody of the property pending forfeiture. The statutory provision authorizing the issuance of a protective order as to property named for forfeiture in a Indictment, 21 U.S.C. § 853(e)(1)(A), provides as follows:

> (e) Protective orders
>
> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section--
>
> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

Accordingly, an Indictment having been filed in this action, naming the property specifically described above for forfeiture in the event of a conviction, the United States requests that for good

U.S. v. David Smith
Case No. 03-20429-Cr-Graham

cause shown, a protective order be entered in the form attached which permits it to retain custody of the property pending further order of the Court in this matter.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: _____
WILLIAM C. HEALY
ASSISTANT UNITED STATES ATTORNEY
FLA. BAR NO. 0848395
99 N.E. 4TH STREET
MIAMI, FLORIDA 33132-2111
TEL: (305)961-9438
FAX: (305)536-7599
E-MAIL ADDRESS:
WILLIAM.HEALY@USDOJ.GOV

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of June, 2003, a true and correct copy of the foregoing was mailed to: Kenneth White, Esq., 2400 S Dixie Highway, Suite 105, Miami, FL 33133.

BY: _____
WILLIAM C. HEALY
ASSISTANT U.S. ATTORNEY

cc:   AUSA Cameron Elliot