UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20429-CR-GRAHAM

UNITED STATES OF AMERICA, )
)
      Plaintiff, )
)
v. )
)
DAVID SMITH, )
a/k/a "Louis Thermitus," )
)
      Defendant. )
_____)

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby submits its response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is unaware of any written or recorded statements by the defendant.

            2.    The government is currently unaware of any oral statement made by the defendant before or after his arrest in response to interrogation by a then known-to-be government agent, which the government intends to offer in evidence at trial.

            3.    The defendant did not testify before the grand jury.

            4.    The NCIC record of the defendant is attached.

            5.    Books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, 6th Floor.



       The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may introduce at trial. Moreover, the government may issue trial subpoenas for books, papers, documents, etc., not within the government's possession, custody, or control, which items will be made available for defense counsel's inspection, pursuant to Federal Rule of Criminal Procedure 17(c), upon receipt by the government.

6. No physical or mental examinations, or scientific tests or experiments, other than fingerprint examination, have been made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2, and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Federal Rule of Criminal Procedure 16(b) and Local Rule 88.10(B).

C. The government will disclose all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government has not made any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E. The government is not aware of any co-conspirator, accomplice, or informant who will testify for the government at trial.

F. The defendant was not identified in any lineup, showup, photospread, or similar identification proceeding.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to Federal Rule of Evidence

2

404(b). Please be advised that all evidence made available to the defendant for inspection, as well as all statements disclosed herein or in any future discovery response, may be offered at trial, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions.

In particular, the government intends to introduce evidence of the defendant's possession of firearms during the course of the armed robberies charged in State of Florida cases F01-383 and F02-24872C.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the grand jury testimony of all witnesses who will testify for the government at trial.

K. No alleged contraband is the subject of this indictment.

L. The government does not know of any automobile, vessel, or aircraft in the government's possession allegedly used in the commission of the offense charged.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. At this time the government intends to offer the expert testimony of Special Agent Howard Greene that the Glock handgun recovered from the defendant traveled in interstate commerce because it was manufactured in Austria. Agent Greene's resume and expert report are attached. The government also intends to offer the expert testimony of Claribel Hodgson that the fingerprints of "Louis Thermitus" match the fingerprints of the defendant. Ms. Hodgson's expert report is attached.

The government hereby demands a written summary of testimony the defendant reasonably expects to offer at trial under Rules 702, 703, 705, or 12.2(b), describing the witnesses' opinions, the bases and reasons for those

        opinions, and the witnesses' qualifications.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite the trial.

P.    At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Federal Rule of Criminal Procedure 16(c), Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Federal Rule of Criminal Procedure 16(b), in accordance with Federal Rule of Criminal Procedure 12.1, the government hereby demands notice of alibi defense; the approximate time, date, and place of the offense was: as indicated in the indictment and attached discovery information.

The attachments to this response are numbered pages 1-50. Please contact the undersigned Assistant United States Attorney if any pages are missing.

                                  Respectfully submitted,

                                  MARCOS DANIEL JIMENEZ
                                UNITED STATES ATTORNEY

Dated: July 3, 2003    By: _____
                                CAMERON ELLIOT
                                ASSISTANT UNITED STATES ATTORNEY
                                Florida Court No. A5500606
                                99 Northeast 4th Street
                                Miami, Florida 33132-2111
                                Tel: (305) 961-9136
                                Fax: (305) 530-7976
                                Email: cameron.elliot@usdoj.gov

cc:  Special Agent Kevin Bonikowski
     Bureau of Alcohol, Tobacco, Firearms, and Explosives

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 3rd day of July 2003 to: Kenneth White, Esq., 2400 South Dixie Highway, Suite 105, Miami, Florida 33133.

CAMERON ELLIOT
ASSISTANT UNITED STATES ATTORNEY